UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x

CHARLES BROWN, SR.,

Plaintiff,

-against-

IRA GREENE, Broker; NEW YORK CITY
DEPARTMENT OF SOCIAL SERVICES;
LISA M. WATSON; JOHN MATTINGLY,
ACS; WILLIAM C. BELL, Commissioner;
MICHAEL INFRANCO, Associate
Commissioner; MARVIN BETTS, Special
Assistant; JOSEPH CARDIERI, Deputy
Commissioner/General Counsel; CHASE
MANHATTAN BANK; MARTHA STARK;
STEVEN POWELL, Badge #53, U.S. Marshal
and unknown JOHN and JANE DOE,

Defendants.
-------------------------------------------------------------------x

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 09 2011 ★

BROOKLYN OFFICE

**MEMORANDUM AND ORDER**

11-CV-4917 (BMC)

**COGAN**, District Judge.

Plaintiff, appearing *pro se*, filed this action on October 5, 2011. By Order dated October 21, 2011, I dismissed plaintiff's complaint and granted him leave to file an amended complaint so that he could properly allege valid federal claims. He subsequently filed an amended complaint alleging, *inter alia*, race discrimination claims under 42 U.S.C. §§ 1981 and 1983 and procedural and substantive due process claims under § 1983.

In his amended complaint, plaintiff developed the factual allegations supporting his claims. But all of the actions he challenged occurred between 1997 and 2005, which is well beyond the limitations periods applicable to §§ 1981 and 1983 actions. See Patterson v. Cnty. of Oneida, 375 F.3d 206, 225 (2d Cir. 2004) (holding that three-year statute of limitations applies to

§§ 1981 and 1983 claims brought in New York).[1] Thus, plaintiff's claims will be time-barred unless he can demonstrate an entitlement to equitable tolling.

Courts apply equitable tolling "as a matter of fairness where a plaintiff has been prevented in some extraordinary way from exercising his rights." Pearl v. City of Long Beach, 296 F.3d 76, 85 (2d Cir. 2002) (internal quotation marks omitted). The Second Circuit has counseled that "[e]quitable tolling is generally considered appropriate where . . . plaintiff was unaware of his . . . cause of action due to misleading conduct of the defendant, or where a plaintiff's medical condition or mental impairment prevented [him] from proceeding in a timely fashion." Zerilli-Edelglass v. N.Y.C. Transit Auth., 333 F.3d 74, 80 (2d Cir. 2003). Where a plaintiff seeks to rely on a mental condition or mental impairment, it is insufficient for him to merely claim that he suffered from such a condition or impairment during the period he seeks to toll. See Bolarinwa v. Williams, 593 F.3d 226, 232 (2d Cir. 2010). Rather, there must be some connection between the condition or impairment and the plaintiff's inability to protect his legal rights. In other words, if the plaintiff evidences an ability to protect his rights during the relevant period, equitable tolling is inappropriate. See Tsai v. Rockefeller Univ., 00 Civ. 329 (SAS), 2002 U.S. Dist. LEXIS 2552, at *14-16 (S.D.N.Y. Feb. 15, 2002). Moreover, a plaintiff's condition or impairment must be continuous during the period he seeks to toll; equitable tolling would be inappropriate if he experienced a "lucid interval of significant duration" during the period. Carmichael v. Hobbs, 07-CV-2022 (JG) (LB), 2010 U.S. Dist. LEXIS 105006, at *3 (E.D.N.Y. Oct. 1, 2010).

---

[1] I note that some § 1981 claims have a four-year statute of limitations. See Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 382, 124 S. Ct. 1836 (2004). Plaintiff's § 1981 claim would be time-barred absent equitable tolling even if this longer limitations period applies.

Here, plaintiff alleges that he was hospitalized in July 1997 "for high sugar intake and an extremely high blood pressure" and that, as a result, he was "in an incapacitated state." According to him, this condition "abated" in September 2010. In addition, sometime after September 2005 (after all of the complained of events had occurred), plaintiff alleges that he was diagnosed as suffering from chronic depression and was subsequently hospitalized. He claims that he was prescribed "psychotropic medication" to treat his chronic depression and that the condition also "abated" in September 2010.

Grounds for equitable tolling do not appear to be present. As an initial matter, plaintiff's claim that the statute of limitations should be tolled because of his high sugar intake and blood pressure seems to be without merit. Plaintiff suffered from these ailments in July 1997, but, as the allegations in his amended complaint make clear, he was taking steps to protect his rights after that date notwithstanding his impairment, which undercuts his entitlement to equitable tolling on that basis. Similarly, plaintiff's claim that he suffered from chronic depression and was prescribed medication is insufficient, without more, to warrant equitable tolling. Rather, plaintiff must demonstrate how this condition prevented him from protecting his legal rights.

Accordingly, plaintiff is directed to show cause within 21 days of the date of this Order why this action should not be dismissed as time-barred. The Court has attached an affirmation form for plaintiff's use. It is recommended that he provide as much detail as possible about his chronic depression and subsequent hospitalization or about any other physical impairments or mental conditions that prevented him from timely filing his action – i.e., that he provide "a particularized description of how [his] condition adversely affected [his] capacity to function

3

generally or in relationship to the pursuit of [his] rights." Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

All further proceedings shall be stayed for 21 days for plaintiff to comply with this Order. If plaintiff fails to comply with this Order within the time allowed or show good cause why he cannot comply, the action will be dismissed as time-barred and judgment shall enter. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
December 8, 2011

4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

CHARLES BROWN, SR.,

               Plaintiff,

         -against-

IRA GREENE, Broker; NEW YORK CITY          **PLAINTIFF'S AFFIRMATION**
DEPARTMENT OF SOCIAL SERVICES;
LISA M. WATSON; JOHN MATTINGLY,           11-CV-4917 (BMC)
ACS; WILLIAM C. BELL, Commissioner;
MICHAEL INFRANCO, Associate
Commissioner; MARVIN BETTS, Special
Assistant; JOSEPH CARDIERI, Deputy
Commissioner/General Counsel; CHASE
MANHATTAN BANK; MARTHA STARK;
STEVEN POWELL, Badge #53, U.S. Marshal
and unknown JOHN and JANE DOE,

              Defendants.

------------------------------------------------------------------x

STATE OF NEW YORK    }
                } ss:
COUNTY OF _____  }

       I, CHARLES BROWN, SR, make the following affirmation under the penalties of

perjury:

1.    I am the plaintiff in this action and I respectfully submit this affirmation in response to

the Court's order dated _____, 20___ . The instant action should not be time-barred by

the statutes of limitations because

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

[YOU MAY ATTACH ADDITIONAL PAGES, IF NECESSARY]

2.      In view of the foregoing, it is respectfully submitted that the instant action should be

permitted to proceed.

Dated: _____          _____
                                Signature

                                _____
                                Address

                                _____
                                City, State & ZIP