UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X

CHARLES BROWN, SR.,

                    Plaintiff,

- against -

IRA GREENE, Broker; NEW YORK CITY
DEPARTMENT OF SOCIAL SERVICES;
LISA M. WATSON; JOHN MATTINGLY,
ACS; WILLIAM C. BELL, Commissioner;
MICHAEL INFRANCO, Associate
Commissioner; MARVIN BETTS, Special
Assistant; JOSEPH CARDIERI, Deputy
Commissioner/General Counsel; CHASE
MANHATTAN BANK; MARTHA STARK;
STEVEN POWELL, Badge #53, U.S. Marshal
and unknown JOHN and JANE DOE,

                    Defendants.
-------------------------------------------------------------- X

**MEMORANDUM
DECISION AND ORDER**

11 Civ. 4917 (BMC)

**COGAN,** District Judge.

    Plaintiff, appearing *pro se*, filed this action on October 5, 2011. By Order dated October 20, 2011, I dismissed plaintiff's complaint and granted him leave to replead so that he could properly allege valid federal claims. Plaintiff filed an amended complaint on November 18, 2011, and by Order dated December 8, 2011, I alerted plaintiff to the fact that his allegations establish that his claims are time-barred. Plaintiff filed an affidavit on February 15, 2012, in which he contends that his claims should not be dismissed on statute of limitations grounds. Having now had two opportunities to correct the deficiencies in his complaint, plaintiff has failed to state a claim on which relief may be granted or asserts claims that are time-barred. This action is therefore dismissed.

## BACKGROUND

Plaintiff's amended complaint includes factual allegations regarding three circumstances.

First, the New York City Department of Social Services ("DSS") has required plaintiff to pay child support since 1992. Plaintiff states that because he is an African-American male, DSS unfairly targeted him to pay child support, overcharged him, and deliberately lost evidence showing that he was the custodial parent of his children.

Second, in 1997, plaintiff settled a lawsuit regarding an automobile accident for $210,000, and thereafter hired defendant Greene as a broker to help manage his money. Greene allegedly stole some of the money, and conspired with employees of Chase Manhattan Bank to allow for the improper withdrawal of other funds, including for the purpose of paying child support to New York City's Administration for Children's Services ("ACS"). Greene and the Chase employees allegedly did so because plaintiff is an uneducated African American.

Third, plaintiff's car was improperly seized in 1999 and auctioned off in 2000 by defendant United States Marshall Powell because of allegedly unpaid tickets. Plaintiff subsequently complained to several governmental entities, including the Mayor's Office in 2001, the Commissioner of the Department of Finance in 2002, and the Public Advocate for the City of New York in 2005. In retaliation for one of more of these complaints, defendant Powell allegedly conspired with employees of DSS to have plaintiff further overcharged for child support.

Based on these allegations, plaintiff asserts three claims: (1) defendant Powell wrongfully seized and auctioned plaintiff's automobile, and retaliated against plaintiff for lodging complaints, in violation of his due process rights; (2) defendants Greene, Chase Manhattan Bank, and Watson, a bank employee, conspired to steal funds from plaintiff and pay some of the stolen

funds to ACS in violation of 42 U.S.C. §§ 1981, 1983, and presumably 1985; and (3) DSS and/or ACS has overcharged plaintiff for child support in violation of 42 U.S.C. § 1983 and the equal protection clause of the Fourteenth Amendment.

Plaintiff also filed an affidavit on February 15, 2012, in which he alleges that he continues to be overcharged child support, and therefore has suffered "ongoing discrimination." He further states that he is entitled to equitable tolling because "his daily function was impaired for over 13 years because of a psychological disorder and the medications he took for his psychological, diabetic and heart conditions."

## DISCUSSION

Under 28 U.S.C. § 1915 (e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Although courts must construe a *pro se* litigant's pleadings liberally and interpret them to raise "the strongest arguments they suggest," see Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474-75 (2d Cir. 2006), a complaint must plead enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausability when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009). Although "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked

assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955).

A district court may also dismiss an action *sua sponte* on statute of limitations grounds where "'the facts supporting the statute of limitations defense are set forth in the papers plaintiff himself submitted,'" Walters v. Indus. & Consumer. Bank of China, Ltd., 651 F.3d 280, 293 (2d Cir. 2011) (quoting Leonhard v. United States, 633 F.2d 599, 609 n.11 (2d Cir. 1980)), provided that a plaintiff is given notice and an opportunity to be heard. See Abbas v. Dixon, 480 F.3d 636, 640 (2d Cir. 2007).

### A.   Claim Against U.S. Marshal Powell

Plaintiff's claim against U.S. Marshal Powell, broadly construed as brought under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999 (1971), is time-barred and therefore dismissed on statute of limitations grounds. Federal courts look to state law when determining the statute of limitations and tolling rules applicable to Bivens claims. See Wallace v. Kato, 549 U.S. 384, 395, 127 S. Ct. 1091 (2007); Chin v. Bowen, 833 F.2d 21, 23-24 (2d Cir. 1987); Harrison v. Lutheran Med. Ctr., No. 05-CV-2059, 2007 U.S. Dist. LEXIS 76064, at *13 (E.D.N.Y. Oct. 12, 2007). In New York, the statute of limitations is three years. See Chin, 833 F.2d 21, 23-24 (2d Cir. 1987). On the other hand, federal law dictates when a Bivens claim accrues, which is at the time "the plaintiff knows or has reason to know of the injury which is the basis of his action." Petrucelli v. Hasty, 605 F. Supp. 2d 410, 418 (S.D.N.Y. 2009) (quoting Pinaud v. County of Suffolk, 52 F.3d 1139, 1156 (2d Cir. 1995); see also Kronisch v. United States, 150 F.3d 112, 123 (2d Cir. 1998).

In the instant case, plaintiff's claim against defendant Powell accrued in or around 1999 or 2000, as plaintiff's automobile was seized and auctioned at that time. Accordingly, the statute

of limitations would ordinarily have expired by 2003. Having received notice of this issue, plaintiff contends that he was unable to protect his legal rights from 1997 through 2010 due to various medical conditions, including severe depression, and the medications he took for these conditions. He therefore asserts that he is entitled to equitable tolling for that thirteen-year period.

Under New York law, tolling is permitted when a plaintiff suffers from "insanity at the time the action accrued." N.Y.C.P.L.R. § 208. However, this provision is to be "narrowly interpreted," and applies only when a plaintiff is "unable to protect [his] legal rights because of an over-all inability to function in society." McCarthy v. Volkswagen of America, Inc., 55 N.Y.2d 543, 548 (N.Y. 1982); see also Luciano v. City of N.Y., 684 F. Supp. 2d 417, 420 (S.D.N.Y. 2010). Additionally, plaintiff must have suffered from insanity continuously during the period he seeks to toll, and must not have experienced a lucid interval of significant duration during this time. See Carmichael v. Hobbs, No. 07-CV-2022, 2010 U.S. Dist. LEXIS 105006, at *3 (E.D.N.Y. Oct. 1, 2010). Plaintiff has failed to meet this burden here.

At various times throughout the proposed tolling period, plaintiff demonstrated his ability to protect his rights. In 2001, he contacted the Mayor's Office and spoke with defendant Levy regarding the alleged replevin of his vehicle; in 2002 and 2005, he contacted additional city officials about his vehicle; and in 2005, plaintiff was awarded joint custody of his son in state family court proceedings before the Honorable Jane Pearl. Thus, plaintiff's amended complaint establishes that he was not insane within the meaning of N.Y.C.P.L.R. § 208, and that equitable tolling would be inappropriate in this case. Plaintiff's Bivens claim against Marshal Powell is accordingly dismissed on statute of limitations grounds.

### B.  Claims Against Remaining Defendants

Even assuming that the statute of limitations has not expired on plaintiff's claims under §§ 1981, 1983, and 1985, plaintiff has failed to state a claim on which relief may be granted against the remaining defendants. To establish a claim under each of these federal statutes, a plaintiff must allege facts that support a finding of discriminatory intent. See Hayden v. Cnty. of Nassau, 180 F.3d 42, 48 (2d Cir. 1999) (§ 1983); Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d 1085, 1087 (2d Cir. 1993) (§ 1981); Vertical Broad., Inc. v. Town of Southampton, 84 F. Supp. 2d 379, 389-90 (E.D.N.Y. 2000) (§ 1985). However, plaintiff does not provide any facts that enable the Court to draw an inference about the reasons for defendants' actions. Instead, plaintiff's complaint consists of nothing more than conclusory allegations that he was mistreated as a result of his race. For example, plaintiff alleges that defendant DSS and certain of its employees "target African-American males," and that they overcharged him for child support because he is part of that racial group. Further, he states that defendants Chase, Watson and Greene conspired to defraud him of funds because he is African-American. Such conclusions must be supported by facts in order to state a claim that is plausible on its face. See Iqbal, 556 U.S. 662, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). Because plaintiff has failed to provide such factual allegations, he has failed to state a claim under 42 U.S.C. §§ 1981, 1983, or 1985.[1]

### CONCLUSION

Plaintiff's Bivens claim against defendant Powell is dismissed because it is time-barred, and plaintiff's remaining federal claims are dismissed for failure to state a claim on which relief

---

[1] To the extent plaintiff asserts a distinct claim alleging a conspiracy between defendant Howell and ACS employees to overcharge plaintiff child support due to plaintiff's complaints regarding the seizure of his car, he has failed to meet the standard of plausibility and therefore that claim is dismissed as well. See Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949.

may be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii). Having dismissed each of the federal claims plaintiff asserts in his amended complaint, I decline to exercise supplemental jurisdiction over any remaining state law claims. See Kolari v. New York-Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purposes of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

U.S.D.J.

Dated: Brooklyn, New York
March 15, 2012